HENDRIE v. RIPPEY, *et al.*

1. NEW MATTER: Where a plaintiff, in the trial of a cause, ~~treats~~ his replication as denied, he cannot after verdict claim that it should have been taken as true.
2. PRESUMPTIONS IN FAVOR OF PROCEEDINGS BELOW. In the appellate Court every presumption is in favor of the regularity of the proceedings in the Court below.

*Appeal from Greene District Court.*

WEDNESDAY, OCTOBER 19.

Plaintiff's action is founded on a promissory note. Defendants' answer denies the indebtness charged, as also the execution of the note, and for further answer, sets up and seeks to set off certain damages resulting to them, by reason of the failure of plaintiff to fulfil his warranty and agreement in relation to certain machinery and fixtures for a steam saw mill. Plaintiff replies, in denial of all the new matter contained in the answer, *"and that there has been a settlement compromise and payment of defendants' set-off."* The note was for $686.27. Plaintiffs recovered for $178.92, moved in arrest, and for a new trial, which being overruled be appealed.

*Bates & Phillips* for the appellant.

*John A. Kasson* for the appellee.

WRIGHT, C. J.—The errors assigned are to overruling plaintiff's motion in arrest, and entering judgment upon the

verdict. And the point made in said motion, and the argument is, that plaintiff's replication, setting up a compromise, and settlement of defendant's set-off being undenied, the jury erred in considering such set-off, that this part of the replication was new matter, and was, under the circumstances, to be taken as true; and the jury should have found for the plaintiff, the whole amount of his claim. There are several very satisfactory grounds upon which this judgment must be affirmed. The record discloses no part of the testimony, nor do we know what instructions were asked or given. While there was no rejoiner to plaintiff's replication, the record shows a jury trial, and the first intimation of any claim by plaintiff that his replication was to be taken as true, is made after verdict, and by his motion in arrest.

This motion was overruled by the court below, with a full knowledge of all the circumstances as they occurred at the trial, of which we know nothing. If the plaintiff proceeded with his trial and treated the replication as denied, it was too late for him to claim, after verdict, that it should have been taken as true. To permit such a practice would be in the teeth of the spirit of the Code, and make courts of justice engines of fraud and injustice. For aught that appears, this was the course pursued, (and every presumption is in favor of the regularity of the proceedings,) and if so, the motion was properly overruled.

But suppose he made the objection before, and asked that the law should be declared to the jury just as he now claims it; the answer is, that we do not know but that his view was sustained and the jury so instructed. Is it asked, then, how the verdict can be sustained? We answer, in one way at least to say nothing of others. While payment is not plead, the note itself might have shown credits sufficient to reduce it to the amount of the verdict. It is very evident that plaintiff, by his petition, admits that the whole face of the note is not owing, for he claims more than eighty dollars less than the principal and interest apparently due at the time

of commencing his action. He was not bound to set out the credits, nor are we advised in any way what they were.

Acting, then, on the well recognized principle, that the court below is presumed to have ruled correctly until the contrary is affirmatively shown, we are clear that this judgment must be affirmed.